UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| EDDIE DEAN HALL | ) |
| | ) |
| v. | ) NO. 2:06-CV-10 |
| | ) |
| STATE OF TENNESSEE; | ) |
| HOWARD CARLTON, Warden, | ) |

## MEMORANDUM and ORDER

Eddie Dean Hall, a state prisoner serving a life sentence without the possibility of parole, has filed this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 1996 Greene County conviction for first degree murder, obtained via a guilty plea made pursuant to the procedure articulated in *North Carolina v. Alford*, 400 U.S. 25 (1970).[1] [Doc. 3]. The respondents have filed three motions, the first of which is a request for additional time to respond to the petition. The motion is **GRANTED** *nunc pro tunc*. [Doc. 13]. In the next motion, the respondents seek permission for Alice B. Lustre to withdraw as their counsel. This motion likewise is **GRANTED**. [Doc. 17]. The respondents' final motion is a motion to dismiss the petition as time-barred—a motion to which the

---

[1] Under *Alford*, a defendant may plead guilty, while maintaining his innocence. The petitioner also entered an *Alford* plea to a Cocke County first degree murder and is serving the nonparoleable life sentence he received in that case concurrently with the one he received for the Greene County conviction. *Hall v. State of Tennessee*, Civil Action No. 2:06-cv-264.

petitioner takes exception. [Docs. 14, 15]. However, for the reasons which follow, the motion to dismiss will be **GRANTED**.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") contains a one-year statute of limitations governing the filing of an application for a writ of habeas corpus. 28 U.S.C. § 2244. The statute begins to run when one of four circumstances occurs: the conclusion of direct review; upon the removal of an impediment which prevented a petitioner from filing a habeas corpus petition; when a petition alleges a constitutional right, newly recognized by the Supreme Court and made retroactive on collateral review; or when a claim depends upon factual predicates which could not have been discovered earlier through the exercise of due diligence. *Id.* The time is tolled, however, during the pendency of a properly filed application for state post-conviction or other collateral relief. 28 U.S.C. § 2244(d)(2). The first circumstance is the one which applies to this case.

The petitioner pled guilty and was convicted on December 20, 1996, and his conviction and judgment became final on January 20, 1997, upon the lapse of the time for seeking an appeal. *State v. Green*, 106 S.W.3d 646, 650 (2002) (A judgment based on a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of the sentence.).[2] On that date, AEDPA's one-year clock started ticking.

---

[2] The thirtieth day fell on January 19th—a Sunday, giving the petitioner an extra day to appeal. The respondents argue that, for purposes of a § 2244(d) calculation, the petitioner's pre-*Green* conviction became final on December 20, 1996, because, at that time, a conviction was considered final on the day of entry and acceptance of the plea and because state courts have held that the 30-day rule does not apply to a conviction prior to that decision. However, as the respondents note, a sister court in this district has applied *Green*'s thirty-day rule retrospectively to

2

However, the clock stopped on November 19, 1997 [day 303 of the 365-day limitations period] when the petitioner filed his application for post-conviction relief. The lower state court dismissed his petition; the state court of criminal appeals dismissed his appeal; and, on December 13, 1999, the state supreme court denied the petitioner's application for permission to appeal, thereby, ending his post-conviction proceedings. *Hall v. State*, No. 03C01-9806-CR-00218, 1999 WL 615166 (Tenn. Crim. App. Aug. 16, 1999), *perm. app. denied* (Tenn. Dec. 13, 1999). The clock started to run again on the date, *Lawrence v. Florida*, 127 S. Ct. 1079 (2007), and ticked 62 more days, before expiring on February 13, 2000. Therefore, this § 2254 petition, which was filed on September 28, 2005, was brought some four and a half years after the lapse of the statute of limitations.

Nonetheless, AEDPA's limitations statute is subject to equitable tolling and a claim of innocence may justify such tolling. *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005). The petitioner argues that equitable tolling is appropriate in his case because he is actually innocent of the Greene County murder.

In *Souter*, the Sixth Circuit explained that a credible claim of innocence requires a petitioner to produce new, reliable evidence, not presented at trial, demonstrating that it is

---

a pre-*Green* conviction, *see Branner v. Carlton*, 2005 WL 1637860 (E.D. Tenn. Jul. 12, 2005), and the Court's research has revealed that some Tennessee courts have done likewise. *See Adams v. State*, 2003 WL 21221958 (Tenn. Crim. App. May 27, 2003) (applying *Green* to a January 5, 2001 conviction); *State v. Young*, 2003 WL 22038827 (Tenn. Crim. App. Sept. 2, 2003) ( same, January 21, 2001 conviction) *State v. Filauro*, 2004 WL 840084 (Tenn. Crim. App. Apr. 16, 2004) (same, May 10, 2002 conviction). In this case, it makes no difference whether the petitioner's conviction became final on the date he pled guilty or thirty days afterwards because the same result obtains.

3

more likely than not that no reasonable juror viewing the entire record would have convicted him of the charged offense. *Id.*, at 588-89. The evidence of innocence must be so powerful that it undermines confidence in the outcome of the trial. *Id*. at 589-60.

The petitioner essentially takes the same position in this case as he did in his other habeas corpus petition [Civil Action No. 2:05-cv-264], pointing to letters from his codefendant, Alvin Shavers, which he maintains support his claim of innocence. [*Id.*, Doc. 10, Summary of the Facts Supporting Each Ground for Relief, pp. 2-3]. The petitioner has not submitted copies of the stated letters. However, assuming that they exist and further assuming that those letters involve Mr. Shavers' purported statement to his attorney that the petitioner "didn't have nothing to do with it," [*Id.*, Doc.19 at 2-3], this supposed statement is no more persuasive of actual innocence in this case than it was in the petitioner's other habeas corpus case.

The Court now finds that what has been offered to sustain the petitioner's claim that he is innocent does not constitute new, reliable evidence of innocence. Indeed, if Mr. Shaver made such a statement, the state trial court, sitting as the fact finder, found Mr. Shaver not to be "a credible witness," when he offered post-conviction testimony on behalf of the petitioner. *Hall v. State*, 2004 WL 438332 * 4 (Tenn. Crim. App. Mar. 10, 2004). This Court presumes the credibility determinations of the state court to be correct. *Rice v. Collins*, 546 U.S. 333, 342 (2006).

Put simply, the petitioner has not supplied new, credible proof of actual innocence to warrant equitable tolling, and this is not the rare case in which tolling should apply. *Souter*, 395 F.3d at 590 (citing *Schlup v. Delo*, 513 U.S. 298, 321 (1995)). Therefore, because this petition comes more than four years too late, the respondents' motion to dismiss it as untimely will be **GRANTED**.

The Court must now decide whether to issue a certificate of appealability (COA). The petitioner qualifies for issuance of a COA if he has made a substantial showing of the denial of a constitutional right; he makes such a showing by demonstrating that reasonable jurists might question the correctness of the Court's procedural ruling or its assessment of his constitutional claims. *Slack v. McDaniel,* 529 U.S. 473 (2000).

The Court has found that the petition is untimely and does not believe that jurists of reason would question whether it is timely or conclude that the timeliness or actual-innocence issues "are adequate to deserve encouragement proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Therefore, the Court will **DENY** issuance of a COA. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

A separate order will enter.

ENTER:

s/ Leon Jordan
United States District Judge